UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>LUCAS MANGLONA,<br><br>                    Defendant. | CASE NO. CR14-5393RJB<br><br>ORDER GRANTING MOTION FOR RECONSIDERATION AND GRANTING MOTION FOR COMPASSIONATE RELEASE |

THIS MATTER comes before the Court on Defendant Manglona's Motion for Reconsideration (Dkt. 197), on the underlying Motion for Compassionate Release (Dkt. 184), and on the Court's Order Denying Motion for Compassionate Release (Dkt. 196).  The Court is familiar with the records and files herein and is fully advised.

## DEFENDANT'S STATUS

Defendant has served approximately 79 months of a 120-month sentence on drug charges and has a release date of April 21, 2022, just over one year away.

## RECONSIDERATION

The standard for reconsideration is found in Western District of Washington Local Criminal Rule 12 (b)(13)(A): "Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or

ORDER GRANTING MOTION FOR RECONSIDERATION AND GRANTING MOTION FOR COMPASSIONATE RELEASE - 1

a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."

The Court is satisfied that no manifest error occurred in the prior ruling (Dkt. 196). Without more, a judicial disagreement about the length of a sentence is not enough to trigger a compassionate release. On the other hand, as stated in the prior ruling, "Defendant's sentence is not a basis to deny him compassionate release if he should otherwise qualify."

It also appears to the Court that there is no requirement here to submit a new release request to the warden. This is a continuation of the proceedings on the original Motion for Compassionate Release (Dkt. 184), not a new motion. Defendant has fulfilled the administrative prerequisites to the motion.

The Court is satisfied with Mr. Brennan's explanation in his Declaration (Dkt. 198) of why his now-offered medical information was not offered before, and finds that the additional medical facts could not have been brought to the Court's attention earlier with reasonable diligence.

## DISCUSSION

The new material, briefly, is Dr. Stern's two Declarations (Dkts. 197-1 & 204-1), article re: coronavirus (Dkt. 204-2), Defendant's letter (Dkt. 197-2), Mr. Brennan's Declaration and attachment (Dkt. 198), and supplemental briefing (Dkts. 197 & 204).

It now appears clear to the Court that Defendant suffers from high cholesterol, high blood pressure, PTSD, moderate asthma and obesity. Defendant's moderate asthma symptoms are described in Docket Number 198 at page 4. His obesity is 202 pounds at 68 inches in height, with a body mass of 30.7. These conditions place him, according to The Center for Disease Control and Prevention, at increased risk of serious complications from COVID-19, including,

but not limited to, severe respiratory illness, damage to other major organs, and death.  (*See* Stern Declaration, Dkt. 197-1).

These conditions are both extraordinary and compelling, particularly in a prison setting, and justify a compassionate release, if Defendant qualifies on consideration of the 18 U.S.C. § 3553 factors.

The Plaintiff United States argues that Defendant has been vaccinated against COVID-19, reducing his COVID-19 risk.  Defendant counters with Dr. Stern's second Declaration (Dkt. 204-1).  Risk appears to remain, but it is reduced to an unknown degree.  The Court's conclusion is that vaccination during the pendency of the Motion for Compassionate Release (Dkt. 184) should not, and does not, in some way trump the Court's consideration of the motion.

Is Defendant safe to be at large?  The evidence before the Court indicates that he is.  is letter to the Court (Dkt. 197-2) reflects appropriate changes from the offender Defendant once was, in attitude and in preparation for a law-abiding and productive life.  After 79 months in custody, and a release date only 13+ months away, it is doubtful that neither the public nor the Defendant will benefit from further incarceration.  With five years of supervised release ahead, Defendant will have the restrictions and the support that he needs to succeed after release from custody.

Considering the nature and circumstances of Defendant's offense, and his past and current history and characteristics, the Court concludes that a time-served sentence reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence to further criminal conduct, and protects the public.

/

/

ORDER GRANTING MOTION FOR RECONSIDERATION AND GRANTING MOTION FOR COMPASSIONATE RELEASE - 3

Therefore, it is now

ORDERED that the Motion for Reconsideration (Dkt. 197) and the Motion for Compassionate Release (Dkt. 184) are GRANTED. It is further

ORDERED that

1. Defendant's term of imprisonment shall be reduced to time served and he shall be released no more than 14 days from the date of this Order to accommodate a quarantine period with the Federal Bureau of Prisons. If Defendant tests COVID-19 positive at any time during this quarantine period, BOP will notify the government who will immediately notify the Court so the Order can be modified appropriately;

2. Defendant shall reside in and satisfactorily participate in a residential reentry center program, as a condition of supervised release or probation for up to 180 days or until discharged by the Program Manager or U.S. Probation Officer. The defendant may be responsible for a 25% gross income subsistence fee; and

3. All other conditions of Defendant's Judgment and Sentence (Dkt. 126) shall remain as set.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 3rd day of March, 2021.

*Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge

ORDER GRANTING MOTION FOR RECONSIDERATION AND GRANTING MOTION FOR COMPASSIONATE RELEASE - 4